RATHBURN, SARD & COMPANY, Respondents, v. A. C.
TEETER, Appellant.

Kansas City Court of Appeals, March 28, 1887.

PRACTICE—PLEADING—AMENDING BILL OF PARTICULARS—CONSTRUC-
TION OF SECTIONS 2852 AND 3060, REVISED STATUTES.—In a case
appealed from a justice's court by plaintiffs, the account filed with
the justice did not set out the specific items sold ; but in the circuit
court the plaintiffs filed an amended account, setting out in detail the
items in due form, which was allowed by the circuit court over
defendant's objection. *Held*, thàt this proceeding is clearly war.
ranted and covered by the provisions of sections 2852 and 3060, Re-
vised Statutes.

APPEAL from Saline Circuit Court, HON. JOHN P.
STROTHER, Judge.

*Affirmed.*

The case is stated in the opinion.

BURKS and DAVIS & WINGFIELD, for the appellant.
I.   The justice has no *jurisdiction*, and, therefore,
the circuit court could have none.    *Brashears v. Stock*,
46 Mo. 221; *Iba v. Railroad*, 45 Mo. 469 ; *Swartz v.
Nicholson*, 65 Mo. 508 ; *Razor v. Railroad*, 73 Mo. 471 ;
*Frederick v. Tiffin*, 22 Mo. App. 443.
II.   The circuit court erred in permitting plaintiff
to *amend*.   An amendment can only be made where the
original statement set forth some cause of action, but is
defective, and not where, as here, the statement shows
no cause of action whatever.

J. F. KING, for the respondents.
I.   The circuit court had the authority to permit
the statement filed before the justice to be amended.
Rev. Stat. Mo. 1879, sect. 3060 ; *Butts v. Phelps*, 79 Mo.

302 ; *Allen v. McMonagle,* 77 Mo. 478 ; *Webb v. Robertson,* 74 Mo. 380.

II. When defendant admits the account to be correct, it becomes an account stated, and an itemized account is unnecessary. *May et al. v. Kloss,* 44 Mo. 300, and cases cited ; American Decisions, vol. 62, p. 87, and cases cited.

III. Appellant cannot try his case in this court on a different theory from that on which he tried it in the circuit court. *Bray v. Seligman,* 75 Mo. 31 ; *Whetstone v. Shaw,* 70 Mo. 575 ; *Walker v. Owen,* 79 Mo. 563 ; *Bettes v. Magoon,* 85 Mo. 580. Nor raise objections in this court not raised in the court below. *Beard v. Parks,* 44 Mo. 244 ; *Griffin v. VanMeter,* 53 Mo. 430.

IV. The account and affidavit filed with the justice states every fact necessary to constitute a cause of action. Broom and Hadley's Blackstone, vol. 2, pp. 249, 254 ; 57 Am. Dec. 544.

V. The plaintiff need not allege that which the defendant hath alleged, or supposed and admitted. Stephens on Pleading [9 Ed.] 229 and 146, with note ; *Graves v. Pierce,* 53 Mo. 430 ; *Kruse v. Hagedorn,* 50 Mo. 576 ; *Burdsal v. Davis,* 58 Mo. 138 ; 11 Am. Dec. p. 691.

VI. Appellant, by answering and not objecting to the statement, has waived all his objections. Sect. 2852, Rev. Stat. Mo. 1879 ; *McIntire v. McIntire,* 80 Mo. 471 ; *Corpenny v. Sedalia,* 57 Mo. 88 ; *Richardson v. Farmer,* 36 Mo. 35 ; *Brown v. Railroad,* 20 Mo. App. 434 ; *Hill v. Morris,* 21 Mo. App. 258.

PHILIPS, P. J.—This action arose in a justice's court, and is founded on an account for goods, etc., sold by plaintiffs to defendant. In the justice's court the plaintiffs filed an account, which did not set out the specific items sold, but only said : "To merchandise," and gave the dates and the amounts. The defendant appeared and offered judgment for a given sum.

Judgment in the justice's court for plaintiffs. Defendant appealed to the circuit court, where the plaintiffs filed an amended account, setting out in detail the items, in due form. Defendant objected to this, and moved to strike it out. Motion overruled. Judgment for plaintiffs. Defendant again appeals.

This proceeding is so clearly warranted and covered by the provisions of sections 2852 and 3060, of the Revised Statutes, that we can see no necessity for any discussion of the questions raised by this appeal.

The judgment of the circuit court is affirmed. Ellison, J., concurs ; Hall, J., absent.